[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON CROSS MOTIONS FOR SUMMARY JUDGMENT
This action is an appeal by the plaintiff, Revere Ferris, from the decision of the Commissioner of Revenue Services (commissioner) assessing a conveyance tax, plus interest and penalty, on the transfer of the plaintiff's property located at 433 Bantam Road, Litchfield to Harris Plains, LLC. The parties do not dispute the facts in this case and have filed cross motions for summary judgment.
On August 5, 1998, the plaintiff created Harris Plains, LLC, a single member limited liability company of which the plaintiff was the sole owner member. On August 7, 1998, the plaintiff quit claimed all of his right, title and interest in the subject property to Harris Plains, LLC. At the time of the conveyance, the plaintiff filed a conveyance tax return stating that there was no consideration for the transfer, and accordingly, no conveyance tax was paid. The commissioner audited this transfer and determined that the conveyance of the subject property was subject to the conveyance tax and that it had a fair market value of $371,411 on August 7, 1998. The commissioner therefore levied a real estate conveyance tax assessment of $3714.41, plus interest and penalty, on the plaintiff. The plaintiff filed a protest of the audit assessment, which was denied.
The issue in this case is whether a transfer of title to real estate from a single owner of the property to a limited liability company in which the owner of the real estate is also the sole owner of the limited liability company forms a basis for the commissioner to levy a real estate conveyance tax on the transfer.
The facts in this case are basically similar to the facts in the case of Mandell v. Commissioner of Revenue Services, Superior Court, Tax CT Page 14671 Session, judicial district of New Britain, Docket No. CV00-0504213S (October 15, 2001). In the Mandell case, we determined that a transfer of title to real estate from an owner of the real estate to a limited liability company in which the owner was also the sole owner was not subject to the conveyance tax because the limited liability company can be disregarded as an entity separate from it owner. See26 C.F.R. § 301.7701-3 (b). From a practical standpoint, the plaintiff here, as in Mandell, owned the subject property before the conveyance and still owns the same property after the conveyance. We find that there was no consideration paid by Harris Plains, LLC to the plaintiff for the transfer of the property at issue in this case.
We find no distinction between the facts in this case and the facts in the Mandell case, and therefore we adopt the rationale and finding inMandell and apply it to this case.
Accordingly, the defendant's motion for summary judgment is denied. The plaintiff's motion for summary judgment is granted. The plaintiff's appeal is sustained, without cost to either party.
Arnold W. Aronson Judge Trial Referee